J-A23021-16

2017 PA Super 149

BAYVIEW LOAN SERVICING LLC

        Appellee

        v.

JAMES BERNARD WICKER AND BERYL G. WICKER

        Appellants

IN THE SUPERIOR COURT OF PENNSYLVANIA

No. 1832 WDA 2015

Appeal from the Judgment Entered November 4, 2015
In the Court of Common Pleas of Jefferson County
Civil Division at No: No. 516-2012-CD

BEFORE:  LAZARUS, STABILE, and STRASSBURGER,[*] JJ.

OPINION BY STABILE, J.:               **FILED MAY 17, 2017**

Appellants James Bernard and Beryl G. Wicker, husband and wife, appeal from the November 4, 2015 judgment entered in the Court of Common Pleas of Jefferson County ("trial court") against them and in favor of Appellee Bayview Loan Servicing, LLC ("Bayview") in this *in rem* mortgage foreclosure action.  Upon review, we affirm.

On February 11, 2008, in consideration of a loan in the principal amount of $119,000.00, Appellants executed and delivered a note in favor of and to Countrywide Bank, FSB ("Countrywide").  To secure the obligations under the note, Appellant James Wicker executed and delivered to Mortgage

---

[*] Retired Senior Judge assigned to the Superior Court.

Electronic Registration Systems, Inc. ("MERS") ("solely as nominee for Lender . . . and Lender's successors and assigns"), a mortgage for the property located at 643 Highland Park Road, Punxsutawney, Jefferson County, Pennsylvania, as security for the note. On September 28, 2011, MERS assigned the mortgage to Bank of America, N.A., **successor by merger** to BAC Home Loans Servicing L.P. F/K/A/ Countrywide Home Loans Servicing L.P. ("Bank of America"). Bank of America recorded the same on November 1, 2011.

On May 30, 2012, Bank of America filed a mortgage foreclosure complaint against Appellants, requesting, *inter alia*, judgment against them for $127,360.74. Bank of America alleged that Appellants had failed to make the scheduled payments on the mortgage since September 1, 2010. Bank of America also alleged that it complied with the requirements of Act 6 (41 P.S. § 403) by sending Appellants a written notice of intention to foreclose (the "Notice"). **See** Complaint, 5/30/12, at ¶¶ 10-11. Appellants eventually filed an answer to the complaint, generally denying Bank of America's averments and raising new matter.[1]

---

[1] On January 13, 2013, the trial court sustained Bank of America's preliminary objections to Appellants' counterclaims, dismissing with prejudice all but one of them. Appellants filed an amended counterclaim, which the trial court dismissed on summary judgment, as discussed **infra**, on December 19, 2014.

On October 17, 2014, Bank of America moved for summary judgment, arguing that it was entitled to judgment as a matter of law. Specifically, Bank of America asserted that Appellants' general denials in their answer to the complaint were sufficient to establish that Appellants defaulted on their mortgage obligations. Bank of America also asserted that no factual dispute existed as to the amount of the mortgage, and the total amount of indebtedness. Following Appellants' response, the trial court granted in part and denied in part Bank of America's summary judgment motion. In particular, the trial court denied in part the summary judgment motion because a factual dispute existed as to the date of Appellants' default, the amount of indebtedness, and the date when Appellants received the Notice.

On July 14, 2015, Bank of America filed a "Praecipe to Substitute Plaintiff" (the "Praecipe"), naming Bayview as the substitute plaintiff. Bank of America attached to the Praecipe a document titled "Corporate Assignment of Mortgage," indicating that Appellants' mortgage had been assigned to Bayview. On August 3, 2015, Appellants filed a "Motion in Limine to Strike Praecipe to Substitute Plaintiff" ("Motion in Limine"), claiming that the substitution did not conform with Pa.R.C.P. No. 2352(a) because Bayview, as Bank of America's successor, failed to file "a statement of material facts." Motion in Limine, 8/3/15, at ¶¶ 3-6.

The case proceeded to a bench trial, following which the trial court entered a verdict in favor of Bayview, as Bank of America's successor, and against Appellants. On the same day, the trial court denied Appellants'

Motion in Limine, concluding, among other things, that attached to the Praecipe was a document titled "Corporate Assignment of Mortgage," the contents of which obviated the need for Bayview to file a statement of material facts on which the right to substitution is based under Rule 2352. Specifically, the trial court concluded that the "Corporate Assignment of Mortgage" "establishes Bayview's legal interest in the mortgage and the factual circumstances." Trial Court Opinion, 9/4/15, at 1. On September 14, 2015, Appellants filed a motion for reconsideration, which we, like the trial court, treat as a motion for post-trial relief. *See Mackall v. Fleegle*, 801 A.2d 577, 580 n.1 (Pa. Super. 2002) ("Despite being improperly styled as a motion to reconsider, upon review, it appears that [a]ppellant's motion was actually a motion for post-trial relief, thus preserving the issues raised therein"). On September 16, 2015, the trial court denied Appellants' post-trial relief.

Appellants timely appealed to this Court. The trial court directed Appellants to file a Pa.R.A.P. 1925(b) statement of errors complained of on appeal. They complied, raising 33 assertions of error.[2] In response, the

---

[2] We disapprove of Appellants' excessive assertions of error. We repeatedly have emphasized that a Rule 1925(b) statement must be "sufficiently concise and coherent such that the trial court judge may be able to identify the issues to be raised on appeal, and the circumstances must not suggest the existence of bad faith." *Jiricko v. Geico Ins. Co.*, 947 A.2d 206, 210 (Pa. Super. 2008), *appeal denied*, 958 A.2d 1048 (Pa. 2008).

trial court issued a Pa.R.A.P. 1925(a) opinion, concluding that Appellants' issues on appeal lacked merit.

On appeal, Appellants raise four issues for our review:

I.    Did the trial court err in granting partial summary judgment to . . . Bank of America, N.A.?

II.   Did the trial court err and abuse its discretion in denying [Appellants'] motion *in limine* to strike substitution of Bayview . . . as the party plaintiff and by doing so only after trial had concluded?

III.  Did the court commit prejudicial error by permitting the testimony of a witness without personal knowledge and by further receiving exhibits into evidence which did not satisfy the requirements of Pa.R.E. 803(6)?

IV.   Is the judgment void due to fraud insofar as the securitization of the promissory note prior to trial obliterated Bayview's standing and removed all controversy before the court including any obligation of [Appellants] to repay?

Appellants' Brief at 19.[3]

_____

[3] Appellants have waived their fourth issue relating to securitization on appeal.  Although Appellants initially raised this issue in their *pro se* counterclaim against Bank of America, the trial court dismissed with prejudice that counterclaim.  Appellants thereafter failed to revisit this issue until **after trial** and only in their "Memorandum of Law in Support" of their "Motion for Reconsideration."  Tellingly, Appellants also did not raise this issue in the Praecipe challenging Bayview's substitution as plaintiff.  Thus, because Appellants failed to raise the securitization issue vis-à-vis Bank of America or Bayview until after trial, we deem it waived.  ***See, e.g., Shelhamer v. Crane***, 58 A.3d 767, 771 (Pa. Super. 2012) (reversing an order granting a new trial because the ground for post-trial relief had not been asserted during trial).  Appellants also may not raise this issue for the first time on appeal.  "Issues not raised in the lower court are waived and cannot be raised for the first time on appeal."  Pa.R.A.P. 302(a).

Appellants first argue that the trial court erred in granting Bank of America's summary judgment motion. Specifically, Appellants argue that a factual dispute existed concerning whether they had admitted in their pleadings that the mortgage was in default.

> It is well-settled that
>
> [o]ur scope of review of a trial court's order granting or denying summary judgment is plenary, and our standard of review is clear: the trial court's order will be reversed only where it is established that the court committed an error of law or abused its discretion.
>
> Summary judgment is appropriate only when the record clearly shows that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. The reviewing court must view the record in the light most favorable to the nonmoving party and resolve all doubts as to the existence of a genuine issue of material fact against the moving party. Only when the facts are so clear that reasonable minds could not differ can a trial court properly enter summary judgment.

*Hovis v. Sunoco, Inc.*, 64 A.3d 1078, 1081 (Pa. Super. 2013) (quoting *Cassel-Hess v. Hoffer*, 44 A.3d 80, 84-85 (Pa. Super. 2012)). Moreover, "[w]here the non-moving party bears the burden of proof on an issue, he may not merely rely on his pleadings or answers to survive summary judgment." *Krauss v. Trane U.S. Inc.*, 104 A.3d 556, 563 (Pa. Super. 2014) (citation omitted). "Failure of a non-moving party to adduce sufficient evidence on an issue essential to his case and on which he bears the burden of proof establishes the entitlement of the moving party to judgment as a matter of law." *Id.*

Instantly, based on our review of the pleadings, we agree with the trial court that no dispute existed as to the whether Appellants defaulted on the mortgage. As noted earlier, Appellants responded with general denials to the material portions of Bank of America's complaint, especially to paragraph 7 where default was alleged. In **Bank of America, N.A. v. Gibson**, 102 A.2d 462 (Pa. Super. 2014), *appeal denied*, 112 A.3d 648 (Pa. 2015), we explained that "general denials constitute admissions where—like here—specific denials are required." **Gibson**, 102 A.2d at 466-67; *see* Pa.R.C.P. No. 1029(b) ("Averments in a pleading to which a responsive pleading is required are admitted when not denied specifically or by necessary implication. A general denial or a demand for proof . . . shall have the effect of an admission."). Here, Appellants' general denial relating to mortgage default constitutes an admission. Accordingly, we agree with the trial court's decision to enter summary judgment on the issue of default.[4, 5]

---

[4] We note that the trial court did not violate the rule of **Nanty-Glo v. American Surety Co.**, 163 A. 523 (Pa. 1932), in granting Bank of America's summary judgment motion on the issue of mortgage default because the trial court relied on Appellants' admission as contained in their amended answer. **See Gibson**, 102 A.3d at 466 (noting that the **Nanty-Glo** rule may be circumvented when the moving party supports its summary judgment motion by using admissions of the opposing party, which may include facts admitted in pleadings) (citations omitted).

[5] Because we conclude that Appellants' general denials constituted admissions, we need not look to Appellants' new matter and counterclaims to search for admissions on the issue of mortgage default.

Appellants next argue that the trial court erred in granting Bank of America's summary judgment motion because Bank of America lacked standing to bring the underlying foreclosure action. In support of its standing argument, Appellants claim that Bank of America did not establish it possessed a valid assignment of the mortgage and that the note was never assigned or otherwise transferred to Bank of America. We disagree.

As we recently explained in *CitiMortgage, Inc. v. Barbezat*, 131 A.3d 65 (Pa. Super. 2016):

> Pennsylvania Rule of Civil Procedure 2002 provides, "[e]xcept as otherwise provided . . . all actions shall be prosecuted by and in the name of the real party in interest, without distinction between contracts under seal and parol contracts." Pa.R.C.P. No. 2002(a); *see also J.P. Morgan Chase Bank, N.A. v. Murray*, 63 A.3d 1258, 1258 (Pa. Super. 2013) (finding a debtor's claim that appellee bank was not a real party in interest to bring foreclosure action was a challenge to appellee's standing). "[A] real party in interest is a [p]erson who will be entitled to benefits of an action if successful. . . . [A] party is a real party in interest if it has the legal right under the applicable substantive law to enforce the claim in question." *U.S. Bank, N.A. v. Mallory*, 982 A.2d 986, 993–994 (Pa. Super. 2009) (citation and quotation marks omitted; some brackets in original).
>
> In a mortgage foreclosure action, the mortgagee is the real party in interest. *See Wells Fargo Bank, N.A. v. Lupori*, 8 A.3d 919, 922 n. 3 (Pa. Super. 2010). This is made evident under our Pennsylvania Rules of Civil Procedure governing actions in mortgage foreclosure that require a plaintiff in a mortgage foreclosure action specifically to name the parties to the mortgage and the fact of any assignments. Pa.R.C.P. No. 1147. A person foreclosing on a mortgage, however, also must own or hold the note. This is so because a mortgage is only the security instrument that ensures repayment of the indebtedness under a note to real property. *See Carpenter v. Longan*, 83 U.S. 271, 275, 16 Wall. 271, 21 L.Ed. 313 (1872) (noting "all

authorities agree the debt is the principal thing and the mortgage an accessory."). A mortgage can have no separate existence. *Id.* When a note is paid, the mortgage expires. *Id.* On the other hand, a person may choose to proceed in an action only upon a note and forego an action in foreclosure upon the collateral pledged to secure repayment of the note. *See Harper v. Lukens*, 112 A. 636, 637 (Pa. 1921) (noting "as suit is expressly based upon the note, it was not necessary to prove the agreement as to the collateral."). For our instant purposes, this is all to say that to establish standing in this foreclosure action, appellee had to plead ownership of the mortgage under Rule 1147, and have the right to make demand upon the note secured by the mortgage.[FN]

[FN] The rules relating to mortgage foreclosure actions do not expressly require that the existence of the note and its holder be pled in the action. Nonetheless, a mortgagee must hold the note secured by a mortgage to foreclose upon a property. "The note and mortgage are inseparable; the former as essential, the latter as an incident." *Longan*, 83 U.S. at 274.

*Barbezat*, 131 A.3d at 68.

Instantly, based upon our review of the record evidence produced by Bank of America in support of its summary judgment motion, we reject Appellants' standing argument. Bank of America not only averred, but also produced evidence that it was indeed the holder of the mortgage. Specifically, Bank of America alleged in its complaint that it "is the Mortgagee by Assignment by virtue of an Assignment of Mortgage recorded on November 1, 2011 in the Office of Recorder of Deeds of Jefferson County on Book: 597, Page 0413." Complaint, 5/30/12, ¶ 3. Bank of America produced copies of the original recorded mortgage and its recorded assignment to Bank of America. As we noted in *Barbezat*, "[w]here an assignment is effective, the assignee stands in the shoes of the assignor and

assumes all of his rights." *Barbezat*, 131 A.3d at 69 (citations omitted). Thus, the undisputed evidence of record, as recited earlier, indicates that Bank of America properly held the mortgage by way of assignment from MERS.

To the extent Appellants argue that Bank of America cannot establish ownership of the note because it was never assigned or otherwise transferred to it, we reject such argument for want of merit. It is well-settled that when the original mortgage company merges with another company, the surviving corporation becomes the mortgagee under the mortgage agreement, as it "succeeds to both the rights and obligations of the constituent corporations." *See Park v. Greater Delaware Valley Sav. & Loan Ass'n*, 523 A.3d 771, 775-76 (Pa. Super. 1987). As a result, the surviving corporation becomes the real party in interest in a mortgage foreclosure action. *See* 12 U.S.C.A. § 215a(e).[6] No assignment or

_____

[6] Section 215a(e) of the Bank Act provides:

> The corporate existence of each of the consolidating banks or banking associations participating in such consolidation shall be merged into and continued in the consolidated national banking association and such consolidated national banking association shall be deemed to be the same corporation as each bank or banking association participating in the consolidation. All rights, franchises, and interests of the individual consolidating banks or banking associations in and to every type of property (real, personal, and mixed) and choses in action shall be transferred to and vested in the consolidated national banking association by virtue of such consolidation without any deed or other transfer. The consolidated national banking association, upon the

*(Footnote Continued Next Page)*

endorsement is necessary to confer upon the surviving bank the status of the real party in interest to enforce a debt owed to its predecessor. *Id.* The surviving corporation, however, has only the same rights with respect to the debt that its predecessor had at the time of merger. If the predecessor in interest was entitled to enforce the note at the time of merger, then the surviving corporation may do the same. Differently put, unless the predecessor in interest has the right to enforce the note, the successor by merger does not acquire the right to enforce the note. *See Murray,* 63 A.3d at 1267-68 n.6 (implying that succession by merger is sufficient proof to show ownership of note and mortgage); *see also* 13 Pa.C.S.A. § 3302(c).

Here, Appellants do not argue that Bank of America is not the holder in due course of the note or that the note attached to the complaint was less

*(Footnote Continued)* ─────────────

consolidation and without any order or other action on the part of any court or otherwise, shall hold and enjoy all rights of property, franchises, and interests, including appointments, designations, and nominations, and all other rights and interests as trustee, executor, administrator, registrar of stocks and bonds, guardian of estates, assignee, and receiver, and in every other fiduciary capacity, in the same manner and to the same extent as such rights, franchises, and interests were held or enjoyed by any one of the consolidating banks or banking associations at the time of consolidation, subject to the conditions hereinafter provided.

12 U.S.C.A. § 215a(e). The record here indicates that, on April 27, 2009, Countrywide converted to a national bank under the name Countrywide Bank, National Association. *See* Bank of America's Motion for Summary Judgment, 10/17/14, at Exhibit "I."

than genuine. Rather, Appellants argue only that Bank of America could not enforce the note because Countrywide never assigned or otherwise transferred the note to Bank of America. As explained above, given the fact that Bank of America is the surviving corporation that succeeded Countrywide, it stands in the shoes of Countrywide to collect the debt owed to Countrywide, including the mortgage at issue here.[7]

In sum, given Bank of America's uncontested ownership of the mortgage and possession of the note by way of merging with Countrywide, the trial court did not err in concluding that Bank of America had standing as a real party in interest to bring the underlying foreclosure action.

Appellants next argue that the trial court abused its discretion in denying their Motion in Limine.[8] In support of this argument, Appellants

---

[7] With respect to Bayview, our review of the record reveals that it also had standing to pursue the foreclosure action because it held the note. Specifically, Bank of America endorsed the note in blank. N.T. Trial, 10/29/15, at 74-76; *see Barbezat*, 131 A.3d at 69 ("A note endorsed in blank becomes payable to bearer and may be negotiated by transfer of possession alone until specifically endorsed."). Also, Appellants' suggestion that ownership of the note cannot be established in Bayview because there was no formal assignment or transfer is unavailing because "the chain of possession by which a party comes to hold the note is immaterial to its enforceability by the party." *Murray*, 63 A.3d at 1266.

[8] To the extent Appellants argue that the trial court erred in denying their Motion in Limine until after trial, such argument is waived because Appellants failed to raise it in their motion for post-trial relief. *See Sovereign Bank v. Valentino*, 914 A.2d 415, 426 (Pa. Super. 2006) (stating that issues not raised in a post-trial motion are waived for appeal purposes); *see also* Pa.R.A.P. 302(a) (providing that "issues not raised in

*(Footnote Continued Next Page)*

point out that Bayview failed to comply with the requirements of Rule 2352(a) because they failed to file a statement of material facts. *See* Appellants' Brief at 42.

Rule 2352, relating to substitution of successor, provides in relevant part, that "[t]he successor may become a party to a pending action by filing of record a statement of the material facts on which the right to substitution is based." Pa.R.C.P. No. 2352(a).

Here, we agree with the trial court that Appellants' argument lacks merit because the documents appended to the Praecipe served as a "sufficient statement of material facts on which the right to substitution [was] based." Trial Court Opinion, 1/26/17, at 6. As the trial court found, the attachment to the Praecipe referenced Bayview's receipt of the "mortgage" and the "promissory note." *Id.* In other words, the trial court found that the Praecipe sufficiently stated the material facts upon which Bayview's substitution was based in accord with Rule 2352(a). Therefore, Appellants' argument does not merit any relief.

Lastly, Appellants argue that the trial court abused its discretion in allowing Bayview to present the testimony of Terrence Schonleber ("Schonleber"). Appellants argue that Schonleber lacked personal knowledge to authenticate business records Bayview introduced at trial and

*(Footnote Continued)* _____

the lower court are waived and cannot be raised for the first time on appeal.").

that Schonleber's testimony about those records was hearsay. Appellants' Brief at 46.

As we explained in **_U.S. Bank, N.A. v. Pautenis_**, 118 A.3d 386 (Pa. Super. 2015):

> "Hearsay" is an out of court statement offered in court for the truth of the matter asserted. Pa.R.E. 801(c). A writing constitutes a "statement" as defined by Rule 801(a). **_See_** Pa.R.E. 801(a). Subject to certain exceptions, hearsay is inadmissible at trial. Pa.R.E. 802. One such exception is contained in Rule 803(6), which permits the admission of a recorded act, event or condition if:
>
>> (A) the record was made at or near the time by—or from information transmitted by—someone with knowledge;
>>
>> (B) the record was kept in the course of a regularly conducted activity of a "business", which term includes business, institution, association, profession, occupation, and calling of every kind, whether or not conducted for profit;
>>
>> (C) making the record was a regular practice of that activity;
>>
>> (D) all these conditions are shown by the testimony of the custodian or another qualified witness, or by a certification that complies with Rule 902(11) or (12) or with a statute permitting certification; and
>>
>> (E) neither the source of information nor other circumstances indicate a lack of trustworthiness.
>
> Pa.R.E. 803(6) []. Furthermore, the Uniform Business Records as Evidence Act states:
>
>> A record of an act, condition or event shall, insofar as relevant, be competent evidence if the custodian or other qualified witness testifies to its identity and the mode of its preparation, and if it was made in the regular course of business at or near the time of the act, condition or event, and if, in the opinion of the tribunal, the sources of

> information, method and time of preparation were such as to justify its admission.
>
> 42 Pa.C.S.A. § 6108(b). "As long as the authenticating witness can provide sufficient information relating to the preparation and maintenance of the records to justify a presumption of trustworthiness for the business records of a company, a sufficient basis is provided to offset the hearsay character of the evidence." ***Boyle v. Steiman***, 631 A.2d 1025, 1032–33 (Pa. Super. 1993) (internal citations omitted), ***appeal denied***, 649 A.2d 666 (Pa. 1994).

***Pautenis***, 118 A.3d at 401. In other words,

> [i]t is not essential under the Uniform Business Records as Evidence Act to produce either the person who made the entries or the custodian of the record at the time the entries were made. Moreover, the law does not require that a witness qualifying business records even have a personal knowledge of the facts reported in the business record. As long as the authenticating witness can provide sufficient information relating to the preparation and maintenance of the records to justify a presumption of trustworthiness for the business records of a company, a sufficient basis is provided to offset the hearsay character of the evidence.

***Boyle***, 631 A.2d at 1032-33 (internal citations omitted).

With the foregoing in mind, we agree with the trial court's conclusion that Schonleber's testimony falls within the exception to hearsay and that he was qualified to authenticate the business records produced at trial. Relying on ***Pautenis***, the trial court reasoned that Schonleber "could authenticate and verify the accuracy of the relevant records such that the [trial court] did not need to find that he had personal knowledge of the underlying facts in order to testify." Trial Court Opinion, 1/26/17, at 7. Accordingly, we discern no abuse of discretion by the trial court.

Judgment affirmed.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>5/17/2017</u>