J-A26010-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| FIRST HORIZON HOME LOANS, A DIVISION OF FIRST TENNESSEE BANK NATIONAL ASSOCIATION C/O NATIONSTAR MORTGAGE LLC | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | |
| SUSAN L. DORRIN | |
| Appellant | No. 40 MDA 2017 |

Appeal from the Order Entered December 5, 2016
In the Court of Common Pleas of Lancaster County
Civil Division at No(s): CI-14-01083

BEFORE:  BOWES, OLSON, AND RANSOM, JJ.

MEMORANDUM BY BOWES, J.:                    **FILED MARCH 23, 2018**

Susan L. Dorrin appeals from the December 5, 2016 order granting summary judgment in favor of First Horizon Home Loans, a division of First Tennessee Bank National Association c/o Nationstar Mortgage LLC.  We affirm.

On December 20, 2005, Ms. Dorrin executed a mortgage and associated promissory note in the amount of $122,232.00, and secured by the property located at 219 Cartledge Lane, Millersville, Lancaster County. The mortgage was recorded on December 22, 2005, and Ms. Dorrin delivered it to the Mortgage Electronic Registration System ("MERS") as

nominee for First Horizon Home Loan Corporation. Among other provisions, the mortgage required Ms. Dorrin to maintain a homeowner's insurance policy on the property at all times. On July 6, 2009, MERS, as nominee for First Horizon Home Loan Corporation, assigned the mortgage to First Horizon Home Loans, a division of First Tennessee Bank National Association ("First Horizon"), and that assignment was recorded on July 20, 2009. Nationstar administered the mortgage on behalf of First Horizon.

The record reveals that, sometime in 2012, State Farm, Ms. Dorrin's homeowner's insurance provider, notified Nationstar that her policy had lapsed. On December 8, 2012, Nationstar sent a letter to Ms. Dorrin, which apprised her that her insurance policy had lapsed as of November 21, 2012, and requested that she provide proof of insurance compliant with the terms of her mortgage. On January 10, 2013, Nationstar sent Ms. Dorrin a second letter, which notified her that it had not received proof of insurance, and warned her that if they did not receive such proof within thirty days, Nationstar would obtain a one-year policy, referred to as a forced-insurance policy, on her behalf and at her expense. Again, Ms. Dorrin failed to offer such proof. Thus, on February 16, 2013, Nationstar obtained a one-year homeowner's insurance policy, effective November 21, 2012 through November 21, 2013, on Ms. Dorrin's behalf, at a yearly premium of $1,288.00.

Shortly thereafter, Ms. Dorrin provided Nationstar with evidence of a homeowner's insurance policy effective December 21, 2012 through December 21, 2013. As a result, on February 22, 2013, Nationstar informed Ms. Dorrin that it cancelled the prior forced-insurance policy effective December 20, 2012, but indicated that its records showed a lapse remained in her coverage from November 21, 2012 until December 20, 2012. As such, Nationstar advised Ms. Dorrin that she would be billed for the premium owed for that timeframe unless she provided further proof of insurance. Ms. Dorrin did not provide proof of insurance for that interval.

Subsequently, Nationstar discovered that Ms. Dorrin cancelled her policy. Consequently, on April 4, 2013, it requested that she provide proof of a replacement policy. Ms. Dorrin did not provide such proof, and on May 4, 2013, Nationstar cautioned her that if it did not receive proof of insurance within thirty days, it would again purchase a policy on her behalf and at her expense. On June 26, 2013, Nationstar purchased a homeowner's insurance policy effective December 20, 2012, through December 20, 2013, at a yearly premium of $1,245.00, and charged the premium to Ms. Dorrin's mortgage payments. Ms. Dorrin refused to pay the increased monthly amount, and no payments were recorded after May 2013.

On February 12, 2014, First Horizon initiated this action by filing a complaint in mortgage foreclosure. The complaint alleged that Ms. Dorrin defaulted on the note and mortgage by failing to make her monthly payment

beginning on May 1, 2013, and each month thereafter. Further, it alleged that Ms. Dorrin owed $98,893.97 in remaining principal, plus additional fees and charges. Finally, First Horizon claimed that it complied with the Act 91 notice requirements. Ms. Dorrin did not file a responsive pleading, and thus, on March 26, 2014, the court entered a default judgment against her. On January 16, 2015, the court granted Ms. Dorrin's motion to open default judgment, and this matter proceeded to discovery. Subsequently, both parties filed for summary judgment. On December 5, 2016, the court granted First Horizon's cross-motion for summary judgment and denied Ms. Dorrin's motion for summary judgment. Ms. Dorrin filed a timely notice of appeal to this Court, and filed a Rule 1925(b) concise statement of errors complained of on appeal. The trial court authored its Rule 1925(a) opinion, and this matter is now ready for our review.

Ms. Dorrin raises a single question for our consideration:

I. Did the trial court err as a matter of law, both in granting [First Horizon's] motion for summary judgment and in denying [Ms. Dorrin's] motion for summary judgment, when the undisputed facts were that [First Horizon] refused to accept [Ms. Dorrin's] monthly mortgage payment and wrongfully charged her for force placed homeowner's insurance when [Ms. Dorrin's] own homeowner's insurance company erred by indicating the homeowner's insurance was canceled when, in fact, it never was canceled?

Appellant's brief at 4.

The following principles guide our review following the grant or denial

of a motion for summary judgment:

> [o]ur scope of review of a trial court's order granting or denying summary judgment is plenary, and our standard of review is clear:  the trial court's order will be reversed only where it is established that the court committed an error of law or abused its discretion.
>
> Summary judgment is appropriate only when the record shows that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law.  The reviewing court must review the record in the light most favorable to the nonmoving party and resolve all doubts as to the existence of a genuine issue of material fact against the moving party.  Only when the facts are so clear that reasonable minds could not differ can a trial court properly enter summary judgment.

*Bayview Loan Servicing, LLC v. Wicker*, 163 A.3d 1039, 1043-44

(Pa.Super. 2017) (citation omitted); Pa.R.C.P. 1035.2.  In addition, "[w]here

the non-moving party bears the burden of proof on an issue, [she] may not

rely on [her] pleadings or answers to survive summary judgment."  *Wicker*,

*supra* at 1044 (citation omitted).  Moreover, the "[f]ailure of a non-moving

party to adduce sufficient evidence on an issue essential to [her] case and

on which [she] bears the burden of proof establishes the entitlement of the

moving party to judgment as a matter of law."  *Id*.  In this setting, a

mortgage holder is entitled to summary judgment if "the mortgagor admits

that the mortgage is in default, the mortgagor has failed to pay on the

obligation, and the recorded mortgage is in the specified amount."  *Bank of*

*America, N.A. v. Gibson*, 102 A.3d 462, 465 (Pa.Super. 2014) (citation omitted).

Ms. Dorrin contests the trial court's grant of summary judgment in favor of First Horizon primarily on her assertion that this dispute was the result of a simple misunderstanding regarding the status of her homeowner's insurance. She does not challenge the amount of principal owed, nor that she has ceased making mortgage payments. Appellant's brief at 14 (stating "Of course [Ms. Dorrin] hasn't made payments. They would not accept them until she paid for insurance she already had and had never let lapse."). In addition, Ms. Dorrin concedes that, pursuant to the terms of the mortgage, Nationstar was permitted to obtain insurance on her behalf if she failed to maintain homeowner's insurance. *Id*. at 5 (citing Mortgage, 12/22/05, at ¶ 5 ("If Borrower fails to maintain any of the coverages described above, Lender may obtain insurance coverage, at Lender's option and Borrower's expense.")).

Instead, Ms. Dorrin relies on admissions First Horizon made during discovery, which indicated, *inter alia*, that in March of 2013, State Farm informed Nationstar that Ms. Dorrin's homeowner's insurance had not lapsed, and that Nationstar refused to accept her mortgage payments following this notice. Ms. Dorrin maintains that, in light of the evidence that her insurance policy never lapsed, "there never was a triggering event allowing the lender to force place the homeowner's insurance." Appellant's

brief at 12. As such, she concludes that Nationstar should not have purchased insurance on her behalf, that her mortgage payments should not have increased, and finally, Nationstar erred in refusing to accept her mortgage payments.

We find that, even when viewing the record in the light most favorable to Ms. Dorrin as the non-moving party, the trial court did not err in granting First Horizon's cross-motion for summary judgment and denying her motion for summary judgment. Instantly, the record reveals that First Horizon has established a *prima facie* case to support mortgage foreclosure, as there is no dispute that the mortgage is currently in default, that Ms. Dorrin has not made a mortgage payment since May 2013, and that a definite principal is still owed on the mortgage. **Gibson**, **supra**. Further, under the terms of the mortgage, Nationstar "may return any payment or partial payment if the payment or partial payments are insufficient to bring the Loan current." Mortgage, 12/22/05, at ¶ 1. Although, Ms. Dorrin alleged that she tendered various payments, she did not allege that those payments satisfied her outstanding debt, including fees and insurance premiums, owed on her account. Indeed, as noted above, Ms. Dorrin refused to tender premium payments she claimed that she did not owe. Appellant's brief at 14. Hence, Nationstar was within its contractual rights to return those partial payments since they were insufficient to bring the loan up to date.

The only question that remains is whether Nationstar's purported knowledge that Ms. Dorrin's insurance had not lapsed as of March 2013 renders its conduct a breach of the mortgage agreement, and otherwise excuses Ms. Dorrin from failing to make her mortgage payments from May 2013 until the present.

In support of her position, Ms. Dorrin offered her own deposition and the deposition of her State Farm agent, Sang Lee. Mr. Lee stated that at some point in 2011, he and Ms. Dorrin discussed adding sinkhole coverage to her policy. Mistakenly believing that Ms. Dorrin agreed to such coverage, he added it to her policy, which increased her premium payment. In December 2012, Ms. Dorrin discovered Mr. Lee's mistake when she learned that she had not paid her premium in full. She contacted Mr. Lee, and he began rectifying the error. Mr. Lee averred "[t]hat was resolved in March of 2013 . . . . Once that was removed, then [Ms. Dorrin] no longer had any back premium that was due. Her homeowner's policy would have been paid retroactively in full without any lapse of coverage." Deposition of Sang Lee, 8/23/14, at 7. Nevertheless, he indicated that State Farm notified Nationstar that Ms. Dorrin's insurance had been cancelled due to her failure to pay the full premium in August or September 2012, seven months prior to the resolution of the matter.

Mr. Lee also discussed a letter that he sent to Ms. Dorrin recounting the issues she had faced with her policy, and "advising her that back on

March 27, 2013, it was finalized that the managerial approval to give her credit back to – retroactively back to December 21, 2011[.]" *Id*. at 9. That letter also referenced another letter issued by State Farm stating that Ms. Dorrin had continuous coverage dating back to 2005. Defendant's Exhibit A, unnumbered at 1.

First Horizon countered Ms. Dorrin's position by offering numerous letters that Nationstar sent to her indicating that her insurance had lapsed and requesting proof of insurance, as outlined above. Of import herein, there is no evidence of record that Ms. Dorrin provided Nationstar with proof of her insurance until February 22, 2013. However, at that time, Ms. Dorrin's proof of insurance did not cover the interval between November 21, 2012, and December 20, 2012. Thus, she remained in breach of her contractual obligations. As such, we find that Nationstar acted permissibly pursuant to the terms of the mortgage agreement when it obtained insurance for Ms. Dorrin's property on February 16, 2013.

Ms. Dorrin asserts that, as of March 2013, Nationstar knew she had continuous coverage dating back to 2005.[1] Even assuming this is true, First

_____

[1] Neither the testimony of Mr. Lee, nor the letter provided by Ms. Dorrin, established that Nationstar was apprised in March 2013 that she had continuous coverage dating back to 2005. We assume this to be true based on our standard of review, and First Horizon's admissions during discovery. Nonetheless, Mr. Lee's testimony revealed that State Farm had resolved Ms. Dorrin's issues as of March 27, 2013, but did not indicate when he informed
*(Footnote Continued Next Page)*

Horizon appended to its cross-motion for summary judgment evidence that, as of April 4, 2013, Ms. Dorrin's insurance policy had been cancelled. Thereafter, Nationstar requested proof of ongoing insurance, which Ms. Dorrin did not provide. Again, assuming Ms. Dorrin's insurance issues were resolved by that time, Ms. Dorrin should have been able to submit the necessary evidence. Instead, the record reveals that on May 4, 2013, Nationstar again requested proof of insurance, and after Ms. Dorrin failed to provide that proof, it again obtained insurance on her behalf. Therefore, we find that Nationstar reasonably believed that Ms. Dorrin's insurance lapsed when it force-placed insurance on her mortgage on June 26, 2013. Hence, it did not breach the terms of the mortgage in this regard, and there is no basis to conclude that Ms. Dorrin was justified in failing to remit the necessary mortgage payments.

In summary, we find that, even when viewing the record in the light most favorable to Ms. Dorrin as the non-moving party, there are no genuine issues of material fact left to be resolved in this matter. The trial court did not err in determining that First Horizon had proffered sufficient evidence that Ms. Dorrin had defaulted on her mortgage obligations, and that

*(Footnote Continued)* ──────────────

Nationstar of this fact. Further, although the letter Mr. Lee sent to Ms. Dorrin references another letter that he purportedly sent to Nationstar advising it that Ms. Dorrin had continuous coverage during the relevant period, there is no indication when, or to whom, that letter was sent. Moreover, the continuous coverage letter is not part of the certified record.

Nationstar had acted within its contractual rights in force-placing homeowner's insurance on Ms. Dorrin's property at her expense. Thus, no relief is due.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 03/23/2018