J-S28009-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| CITIBANK, N.A. AS TRUSTEE FOR WAMU ASSET-BACKED CERTIFICATES, WAMU SERIES 2007-HE2 | : : : : : : : : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | : : : | |
| | : | No. 1387 MDA 2017 |
| SARA STRANIERI | : : | |
| Appellant | : | |

Appeal from the Order Entered August 1, 2017
In the Court of Common Pleas of Lackawanna County Civil Division at
No(s):  2011-CV-3348

BEFORE:  OLSON, J., KUNSELMAN, J., and MUSMANNO, J.

MEMORANDUM BY OLSON, J.:                    **FILED AUGUST 03, 2018**

Appellant, Sara Stranieri, appeals *pro se* from an order entered on August 1, 2017 granting summary judgment in this mortgage foreclosure action in favor of Citibank, N.A. (Citibank).  We affirm.

The trial court summarized the historical and procedural facts as follows:

[Appellant] borrowed the sum of $112,500.00 from Washington Mutual Bank (hereinafter "WaMu") on or about January 9, 2007 as evidenced by a promissory note and mortgage executed the same day and subsequently recorded in Lackawanna County on January 16, 2007.  [Citibank's] Motion for Summary Judgment, 3/2/17, para. 1-2.  The mortgaged property at issue in this case is located at 1309-1311 Division Street in Scranton, Pennsylvania, and [Appellant] is the owner thereof according to deed dated January 9, 2007, also recorded January 16, 2007.  *Id.* at para. 2-3.  On or about September 25, 2008, WaMu was seized by the Federal Deposit Insurance Corporation (hereinafter "FDIC"), and its mortgages were transferred to JP Morgan Chase Bank[, National Association ("JP Morgan")].  *Id.* at para. 5.  [Appellant's]

mortgage was assigned to [Citibank] by [JP Morgan] on or about December 9, 2010, recorded December 28, 2010, and this assignment was necessarily corrected on or about February 21, 2013, recorded February 26, 2013. *Id.* at para. 4. As such, [Citibank] is the current mortgagee and holder of the promissory note initially executed by [Appellant], which requires monthly payments in the amount of $821.57. *Id.* at para. 6.

On or about August 1, 2010, [Appellant] defaulted on her mortgage payment, and she has failed to make any payments on the same to date. *Id.* at para. 7. Two and [one-]half months later, on October 15, 2010, [Citibank] sent [Appellant] the Notice of Homeowners Emergency Mortgage Assistance Act of 1983. *Id.* at para. 8. [Appellant] filed for financial assistance, admitting within her application that her mortgage was in default. *Id.* at para. 9. Her request was, however, denied. *Id.*

On May 31, 2011, [Citibank] filed its [c]omplaint in mortgage foreclosure, initiating the instant proceedings. *Id.* at para. 10. On October 26, 2011, [Appellant's] [p]etition for a [p]rotective [o]rder was denied, and she was ordered to participate in the Lackawanna County Residential Mortgage Foreclosure Diversion Program. Trial Court Order, 10/26/11. Following a routine conciliation conference, it was discovered that the property at issue in this case is an investment property and not [Appellant's] primary residence, making this matter ineligible for the diversion program. Trial Court Order, 12/16/11.

The case proceeded with preliminary objections having been filed and denied, and on December 26, 2013, [Appellant] filed her [a]nswer and [n]ew [m]atter[, asserting affirmative defenses]. [Citibank] responded and discovery ensued. Though [Citibank] timely responded to any and all [of Appellant's] requests, [Appellant] failed to answer any discovery requests as required. [Citibank's] Motion for Summary Judgment, 3/2/17, para. 25-27.

Ultimately, [Citibank] filed the instant [m]otion for [s]ummary [j]udgment on March 2, 2017, to which [Appellant] responded April 24, 2017. By letter dated May 11, 2017, Court Administration scheduled this case for [o]ral [a]rgument to proceed before this court [on] June 30, 2017. Letter of Court Administrator, 5/16/17. It specifically instructed [Citibank] to submit a brief by no later than May 30, 2017 and [Appellant] to submit a brief by June 19, 2017. [Citibank] complied by filing its

- 2 -

brief contemporaneously with its motion; [Appellant] failed to submit a brief.  Upon [Appellant's] request, a continuance of [o]ral [a]rgument was granted, and the case was re-listed for August 1, 2017.  [Appellant] failed to appear, although her husband, who is not a party to this action, did appear.  Th[e trial c]ourt granted summary judgment [on August 1, 2017] in the amount of $181,242.86 plus interest at a rate of $21.55 per diem from December 30, 2016 and costs[.  Appellant filed a notice of appeal on August 30, 2017.]

Trial Court Opinion, 10/26/17, at 1-3.[1]

Appellant raises the following issues for our review:

1. Whether a complaint based solely upon inadmissible hearsay evidence, evidence which is deemed null and void, *ab initio*, is substantial evidence to obtain a favorable summary judgment [in] favor of the complainant, after the allegations are denied?

2. Whether the facts and the law of this case without any substantial evidence in support thereof, based solely on the pleadings without more, provide sufficient grounds to obtain a *bona fide* and valid summary judgment?

3. Whether any assignment of mortgage in isolation is null and void of law, *ab initio*?

4. Whether the Lackawanna County Court of Common Pleas is a Kangaroo Court, or a sham court, or a mock court and an incompetent court/tribunal sitting within or under a military jurisdiction, as evidenced by the law of the flag doctrine?

5. Whether the Lackawanna County Court of Common Pleas is a *Coram Non Judice*?

6. Whether the Summary Judgment is a "*Brutum Fulmen*" judgment and/or a void judgment?

7. Whether the Lackawanna County Court of Common Pleas acted in a manner consistent with civilian due process of law, based upon sufficient evidence to support an unsubstantiated claim

---

[1] The trial court issued an opinion on October 26, 2017.

in a wrongful residential mortgage foreclosure case when [Citibank] admits in writing that it does not own the residential mortgage, the subject matter of this civil action?

Appellant's Brief at 8-10.[2]

Appellant challenges an order granting summary judgment in favor of Citibank. In her first and second claims, Appellant asserts that the trial court improperly granted summary judgment based only on Citibank's pleadings and oral argument. We disagree.

Our standard of review for orders granting summary judgment is well-established:

[T]he trial court's order will be reversed only where it is established that the court committed an error of law or abused its discretion.

Summary judgment is appropriate only when the record clearly shows that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. The reviewing court must view the record in the light most favorable to the nonmoving party and resolve all doubts as to the existence of a genuine issue of material fact against the nonmoving party. Only when the facts are so clear that reasonable minds could not differ can a trial court properly enter summary judgment.

**Bayview Loan Servicing, LLC v. Wicker**, 163 A.3d 1039, 1043-1044 (Pa. Super. 2017) (citation omitted). Furthermore, summary judgment is appropriate in a mortgage foreclosure if there is no genuine dispute that: (1) the mortgage is in default; (2) the mortgagor failed to pay interest on the obligation; and (3) the recorded mortgage is in the specified amount. **U.S.**

---

[2] We have re-ordered Appellant's issues for ease of discussion.

***Bank, N.A. v. Pautenis***, 118 A.3d 386, 394, n.11 (Pa. Super. 2015) (citation omitted).

A non-moving party who bears the burden of proof on an issue may not resist a motion for summary judgment by relying on its pleadings or general denials; instead, the non-moving party must provide sufficient evidence on issues for which it bears the burden of proof. ***See Krauss v. Trane U.S. Inc.***, 104 A.3d 556, 563 (Pa. Super. 2014) ("Failure of a non-moving party to adduce sufficient evidence on an issue essential to his case and on which he bears the burden of proof establishes the entitlement of the moving party to judgment as a matter of law."). General denials to a party's complaint will be treated as admissions where specific denials are required. ***See Bank of America, N.A. v. Gibson***, 102 A.3d 462, 466-67 (Pa. Super. 2014), *appeal denied*, 112 A.3d 648 (Pa. 2015).

Appellant issued only general denials to Citibank's complaint and failed to respond to discovery requests. Therefore, Appellant is deemed to have admitted that her mortgage was in default, that she failed to pay interest on the obligation, and that the recorded mortgage was in the specified amount. Given these admissions, the trial court correctly concluded that Appellant failed to raise a genuine issue of material fact and that Citibank was entitled to summary judgment as a matter of law.

In her third claim, Appellant argues that her mortgage was void since it was not properly assigned to Citibank. Appellant, however, lacks standing to

assert this claim. "If the borrower cannot demonstrate potential injury from the enforcement of the note and mortgage by a party acting under a defective assignment, the borrower lacks standing to raise the issue." *JP Morgan Chase Bank, N.A. v. Murray*, 63 A.3d 1258, 1264-1265 (Pa. Super. 2013), *quoting* *In re Walker*, 466 B.R. 271, 285-86 (Bankr. E.D.Pa. 2012). Similar to *Murray*, Appellant cannot prove injury resulting from a defective assignment since she discharges her liability under the note by making the scheduled payments. *Id.* Even if Citibank did not have the right to receive the payments (due to defective assignment), it was the holder of the note, and the borrower cannot be harmed by paying the holder. *Id.*; *see also* 13 Pa.C.S.A. § 3602(a).

Appellant's fourth, fifth, and sixth claims challenge the jurisdiction of the Lackawanna County Court of Common Pleas, as well as the court's exercise of personal jurisdiction over Appellant. These claims are also meritless. The Pennsylvania Constitution grants the Courts of Common Pleas original jurisdiction in all cases except as otherwise may be provided by law. Pa. Cons. Art. 5 § 5. Rule 1142 of the Pennsylvania Rules of Civil Procedure provides that a mortgage foreclosure action may only be brought in a county in which the land or part of the land is located. The property in this case is squarely located in Lackawanna County.[3] In addition, Rules 410(a) and 400(a) of the

---

[3] The address is 1309-1311 Division Street in Scranton, Pennsylvania.

Pennsylvania Rules of Civil Procedure provide that in all actions involving possession of real property, original service of process shall be made by the sheriff. Appellant was served in person by the Lackawanna County Sheriff's Office on June 10, 2011. Certificate of Service, 6/10/11. Hence, Appellant's fourth, fifth, and sixth issues merit no relief.

Finally, Appellant argues that she was denied due process of law. While the standard of due process can fluctuate depending on the proceeding, Appellant was clearly given due process here. If due process provides at least notice and an opportunity to be heard,[4] the trial court greatly exceeded that standard. Appellant participated in multiple hearings, filed many motions, pleadings, and responses, and (through extensions) received ample time to prepare and participate in the proceedings.[5] It is worth noting that Appellant did not even file a brief in response to Citibank's summary judgment motion, and failed to appear at oral argument. Appellant received her day in court.

Judgment affirmed.

---

[4] Our Supreme Court has observed that the "basic elements of procedural due process are adequate notice, the opportunity to be heard, and the chance to defend oneself before a fair and impartial tribunal having jurisdiction over the case." **Commonwealth v. Wright**, 961 A.2d 119, 132 (Pa. 2008).

[5] As our factual recitation makes clear, this foreclosure litigation has continued for over seven years.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 08/03/2018