J-S55004-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| THE DIME BANK | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| v. | : | |
| | : | |
| DAVID J. LORING & DONNA M. LORING, | : | |
| | : | No. 211 EDA 2018 |
| Appellants | : | |

Appeal from the Judgment Entered December 8, 2017
In the Court of Common Pleas of Northampton County
Civil Division at No(s):  c48-CV-2017-02842

BEFORE:  OLSON, J., STABILE, J., and FORD ELLIOTT, P.J.E.

MEMORANDUM BY OLSON, J.:                    **FILED OCTOBER 16, 2018**

Appellants, David J. Loring and Donna M. Loring, appeal from the December 8, 2017 judgment entered in favor of The Dime Bank.  We affirm.

On October 6, 2003, Appellants signed a promissory note in the amount of $256,600.00.  To guarantee payment on the promissory note, Appellants executed a mortgage on property located in Bethlehem, Pennsylvania.  Thereafter, Appellants failed to make payments on the promissory note.

On April 3, 2017, The Dime Bank filed a complaint seeking to foreclose on the mortgage.  On October 11, 2017, The Dime Bank moved for summary judgment.  On November 9, 2017, Appellants filed an answer to the summary judgment motion.  On November 27, 2017, The Dime Bank filed a reply brief and attached a supplemental affidavit from Robert F. Davis, its special assets officer.  In that affidavit, Davis stated that The Dime Bank possessed the

promissory note in question. On December 8, 2017, the trial court granted

The Dime Bank's summary judgment motion and entered judgment in favor

of The Dime Bank and against Appellants. This timely appeal followed.[1]

Appellants present one issue for our review:

Did the [trial court err] when it granted summary judgment to The Dime Bank?

Appellants' Brief at 3.

In their lone issue, Appellants argue that the trial court erred in granting

The Dime Bank's summary judgment motion. "The trial court's entry of

summary judgment presents a question of law, and therefore our standard of

review is *de novo* and our scope of review is plenary." ***Branton v. Nicholas***

***Meat, LLC***, 159 A.3d 540, 545 (Pa. Super. 2017) (citation omitted). "A

motion for summary judgment is based on an evidentiary record that entitles

the moving party to a judgment as a matter of law." ***Yenchi v. Ameriprise***

***Fin., Inc.***, 161 A.3d 811, 818 (Pa. 2017) (citation omitted). "In considering

a motion for summary judgment, a court views the evidence in the light most

favorable to the non-moving party, and all doubts as to the existence of a

genuine issue of material fact must be resolved against the moving party."

---

[1] On January 19, 2018, the trial court ordered Appellants to file a concise statement of errors complained of on appeal ("concise statement"). ***See*** Pa.R.A.P. 1925(b). On February 12, 2018, Appellants filed their concise statement. On February 13, 2018, the trial court issued an order relying on its December 8, 2017 opinion. Appellants' lone issue was included in their concise statement.

*Green v. Pennsylvania Prop. & Cas. Ins. Guar. Ass'n*, 158 A.3d 653, 658 (Pa. Super. 2017), *appeal denied*, 174 A.3d 571 (Pa. 2017) (citation omitted). "When the facts are so clear that reasonable minds cannot differ, a trial court may properly enter summary judgment." *Brown v. Everett Cash Mut. Ins. Co.*, 157 A.3d 958, 962 (Pa. Super. 2017) (citation omitted).

First, Appellants argue that the trial court erred in finding that The Dime Bank satisfied its burden of proving that it possessed the promissory note. This argument is without merit. As noted above, The Dime Bank attached a supplemental affidavit from Robert F. Davis to its reply brief. In that affidavit, which Appellants never contested, Davis stated that "The [Dime] Bank is the holder and in possession of the original promissory note dated October 5, 2003[.]" Affidavit of Robert F. Davis, 11/27/17, at 1. Appellants argue, however, that the trial court erred by considering Davis' affidavit. They argue that considering Davis' affidavit, which was attached to The Dime Bank's reply brief, was in error. Specifically, they argue that the affidavit was filed too late, *i.e.*, after the motion for summary judgment was filed. This argument fails for multiple reasons.

Appellants rely on *Commonwealth v. Diamond Shamrock Chem. Co.*, 391 A.2d 1333 (Pa. Cmwlth. 1978) in support of their argument that the trial court improperly considered Davis' affidavit. Appellants conveniently do not quote the portion of *Diamond Shamrock* in which the Commonwealth Court stated that "it is within the court's discretion to determine whether filing

of 'further affidavits' that is, affidavits in addition to the initial supporting and opposing affidavits shall be permitted." **Id.** at 1337. Thus, **Diamond Shamrock** supports the trial court's decision to consider Davis' affidavit.

Although **Diamond Shamrock** is only persuasive authority, it correctly sets forth Pennsylvania law. Pennsylvania Rule of Civil Procedure 1035.4 provides that, "The court **may** permit affidavits to be supplemented or opposed by depositions, answers to interrogatories, **or further affidavits**." Pa.R.C.P. 1035.4 (emphasis added). In this case, the trial court exercised its discretion and permitted the affidavit submitted by Davis at the time The Dime Bank moved for summary judgment to be supplemented by his affidavit attached to The Dime Bank's reply brief.

Appellants also argue that the supplemental affidavit and reply brief were barred under Northampton County's local rules of civil procedure. The rules, however, do not forbid such affidavits and reply briefs. Northampton County Local Rule 211 does not address the filing of reply briefs nor does it address the filing of supplemental affidavits. **See** Northampton Cnty. L. R. 211. Moreover, Northampton County Local Rule 1035.2 specifically permits parties moving for summary judgment to file reply briefs. **See** Northampton Cnty. L. R. 1035.2(a)(3). Hence, the trial court's consideration of Davis' supplemental affidavit did not violate Northampton County's local rules of civil procedure.

Alternatively, Appellants argue that Davis' supplemental affidavit was insufficient to prove that The Dime Bank held the promissory note. The record reflects, however, that Davis' original affidavit, filed with The Dime Bank's motion for summary judgment, referenced and attached a copy of the promissory note. Affidavit of Robert F. Davis, 10/11/17, at 2 and Exhibit B. Hence, this was not a mere "testimonial affidavit" barred by **Borough of Nanty-Glo v. Am. Sur. Co. of New York**, 163 A. 523 (Pa. 1932). Instead, it was documentary evidence supported by Davis' two affidavits. **See Telwell Inc. v. Grandbridge Real Estate Capital, LLC**, 143 A.3d 421, 427 (Pa. Super. 2016) (**Nanty-Glo** not implicated when affidavit is supported by documentary evidence including the promissory note). Moreover, **Nanty-Glo** is not implicated when an affidavit in a mortgage foreclosure action is also supported by the defendants' admissions. **See Bank of Am., N.A. v. Gibson**, 102 A.3d 462, 466 (Pa. Super. 2014), *appeal denied*, 112 A.3d 648 (Pa. 2015). As discussed *infra*, the trial court properly construed two of Appellants' general denials as admissions. Hence, there was no question of material fact regarding The Dime Bank's possession of the promissory note.

Second, Appellants argue that The Dime Bank lacked standing to pursue the instant mortgage foreclosure action because it was acting as a loan servicer. This argument is based on a misunderstanding of Pennsylvania law. "In a mortgage foreclosure action, the mortgagee is the real party in interest" and therefore has standing to litigate a mortgage foreclosure action. **Bayview**

*Loan Servicing LLC v. Wicker*, 163 A.3d 1039, 1045 (Pa. Super. 2017), *appeal granted on other grounds*, 178 A.3d 1289 (Pa. 2018). In this case, The Dime Bank is listed as the mortgagee. *See* Affidavit of Robert F. Davis, 10/11/17, at Exhibit C. Moreover, the note is a bearer instrument because it "does not state a payee[.]" 13 Pa.C.S.A. § 3109(a)(2). As The Dime Bank was the mortgagee, and possessed the bearer instrument promissory note, it had standing to bring the instant mortgage foreclosure action.

Finally, Appellants argue that the trial court erred in finding that they admitted to defaulting on the promissory note and mortgage and finding that they admitted the amount due was $204,623.66. We conclude that Appellants admitted these facts. In their answer, Appellants stated that, "It is specifically denied any default occurred under the note and mortgage and the borrower failed to make payments due to the bank thereunder. By way of further answer the bank is not due any funds from the [Appellants]." Appellants' Answer, 9/14/17, at 1. Appellants further stated that

> It is specifically denied that any amount is due the bank. By way of further answer [it] is specifically denied the amount due as of March 3, 2017 is $204,623.66 consisting of principal [in] the amount of $197,482.32[,] interest to March 1, 2017 in the amount of $5,247.47[,] and late charges in the amount of $1,826.66 exclusive of attorney fees and costs.

*Id.* at 2.

In light of Appellants' admission earlier in their answer that they executed the relevant promissory note and mortgage, *id.* at 1, these denials were general denials. Appellants did not aver that they were current with

their payments and/or that they already satisfied the full amount of the promissory note. It is well-settled that "general denials constitute admissions where—like here—specific denials are required." ***Bayview Loan Servicing***, 163 A.3d at 1044 (citation omitted). As this Court explained in ***Bayview Loan Servicing***, "general denial relating to mortgage default constitutes an admission[.]" ***Id***; ***see First Wis. Tr. Co. v. Strausser***, 653 A.2d 688, 692 (Pa. Super. 1995) (General denials "as to the principal and interest owing [on the mortgage] must be considered an admission of those facts."). In this case, Appellants' denials were general and, therefore, properly construed as admissions. Hence, the trial court properly found that there were no issues of material fact and The Dime Bank was entitled to summary judgment.

Judgment affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/16/18