J-A29040-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| U.S. BANK, N.A. | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| MELDORA & GARY MILES | : | |
| | : | |
| | : | No. 29 EDA 2018 |
| APPEAL OF: GARY MILES | : | |

Appeal from the Order Entered December 12, 2017
In the Court of Common Pleas of Philadelphia County Civil Division at
No(s): March term, 2017, No. 668

BEFORE:   OTT, J., DUBOW, J., and STEVENS*, P.J.E.

MEMORANDUM BY STEVENS, P.J.E.:          **FILED DECEMBER 27, 2018**

Appellant Gary Miles files this *pro se* appeal to challenge the lower court's decision to grant summary judgment in this ejectment action filed by Appellee U.S. Bank, N.A.  After careful review, we affirm.

In December 2004, Meldora Miles entered into a mortgage with Chase Home Finance LLC with respect to a property located at 1918 East Washington Lane in Philadelphia.  By deed dated April 16, 2009 and recorded July 9, 2009, Meldora Miles conveyed the property to her son, Appellant.  The mortgage was subsequently assigned to Appellee.

In July 2014, Appellee commenced a mortgage foreclosure action against Appellant and Meldora Miles.  In response, Appellant and Meldora Miles raised various defenses including improper service and claims questioning the validity of the mortgage itself.  The lower court ultimately granted Appellee's

_____

* Former Justice specially assigned to the Superior Court.

motion for summary judgment. Thereafter, Appellee gained title of the property through a sheriff's sale. Appellant and Meldora Miles filed a motion to set aside the sheriff's sale that was subsequently denied.

Appellee filed two ejectment actions to seek possession of the property, which is comprised of a first-floor commercial space and a second-floor residential space, where Appellant and Meldora Miles reside. This action and appeal relate only to the second-floor residential space.[1]

Appellant and Meldora Miles first incorrectly filed a *pro se* motion to dismiss the complaint, which the trial court denied. Thereafter, Appellant and Meldora Miles filed preliminary objections that were subsequently overruled. Appellant filed an Answer and Meldora Miles filed an Answer with New Matter, alleging counts of fraud against Appellee. Appellee filed preliminary objections to the New Matter. The lower court sustained Appellee's preliminary objections and held that Meldora's New Matter and Counterclaim was stricken with prejudice.

On October 17, 2017, Appellee filed a motion for summary judgment. On December 12, 2017, the lower court entered an order granting summary judgment in favor of Appellee. Appellant filed this timely appeal.

---

[1] In the action that sought their ejectment from the commercial floor of the property, Appellant and Meldora Miles failed to respond to the complaint. After a default judgment was entered, Appellant and Meldora Miles filed a petition to open/strike the default judgment, which the lower court subsequently denied. Meldora Miles appealed to this Court. That appeal is resolved in a separate memorandum at J-A29039-18.

In reviewing an appeal of the trial court's decision to grant summary judgment, we are guided by the following principles:

> [o]ur scope of review of a trial court's order granting or denying summary judgment is plenary, and our standard of review is clear: the trial court's order will be reversed only where it is established that the court committed an error of law or abused its discretion.
>
> Summary judgment is appropriate only when the record shows that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. The reviewing court must review the record in the light most favorable to the nonmoving party and resolve all doubts as to the existence of a genuine issue of material fact against the moving party. Only when the facts are so clear that reasonable minds could not differ can a trial court properly enter summary judgment.

*Bayview Loan Servicing, LLC v. Wicker*, 163 A.3d 1039, 1043-44 (Pa.Super. 2017) (citation omitted); Pa.R.C.P. 1035.2.

As an initial matter, we point out that Appellant's *pro se* brief is defective in that it fails to comply with nearly every requirement in Pa.R.A.P. 2111(a)(1)-(12) and does not contain any comprehensible factual background, procedural history, citation to authority, legal argument or analysis. Pennsylvania Rule of Appellate Procedure 2101 allows this Court to quash or dismiss an appeal if the appellate brief contains substantial defects. Pa.R.A.P. 2101.

While we acknowledge that Appellant is proceeding *pro se* and we will construe his brief liberally, he is not entitled to special deference as a *pro se* litigant as this Court has held that "[a]ny layperson choosing to represent [himself] in a legal proceeding must, to some reasonable extent, assume the

risk that [his] lack of expertise and legal training will prove [his] undoing." ***Branch Banking & Tr. v. Gesiorski***, 904 A.2d 939, 942 (Pa.Super. 2006). Specifically, this Court will not act as counsel for the appellant. "When issues are not properly raised and developed in briefs, when the briefs are wholly inadequate to present specific issues for review[,] a Court will not consider the merits thereof." ***Id***. at 942–43.

Appellant's statement of question contains 13 verbose issues labeled (A) through (L) and (R). Appellant does not develop these vague assertions of error with any factual basis or legal analysis, but baldly claims Appellee has committed fraud and accuses three judges of unspecified misconduct. Appellant alleges that he has "suffered through six (6) years of hard litigation" "at the hands of 10 judges" and complains that he has been "tourtured [sic] by 10 attorneys" which he deems "evil, greedy, foreclosure mill certified, mercenaries," "a truly despicable group of greedy vermin," and the "worst example of humanity ever, excluding murderers, rapists, and child molesters." Appellant's Brief, at 37.

As Appellant's brief does not contain any comprehensible legal discussion but merely contains vitriolic insults against members of the bench and bar, Appellant's failure to develop his arguments preclude any meaningful judicial review of this appeal. This Court has consistently held that "failure to develop an argument with citation to, and analysis of, relevant authority waives that issue on review." ***In re Estate of Schumacher***, 133 A.3d 45 (Pa.Super. 2016). Accordingly, Appellant's issues are waived.

Moreover, we can discern no argument in Appellant's brief that would entitle him to relief in his appeal to the lower court's grant of summary judgment in this ejectment action as he has not asserted the existence of a genuine issue of material of fact.[2]  We also agree with the lower court's assessment that Appellee was entitled to judgment in this ejectment action as a matter of law.

As Appellant's brief contains numerous substantial defects that precluded meaningful judicial review and he did not raise any basis for this Court to disturb the trial court's order granting Appellee's motion for summary judgment, we affirm.

Order affirmed.
Judgment Entered.

_Joseph D. Seletyn_

Joseph D. Seletyn, Esq.
Prothonotary

Date: <u>12/27/18</u>

---

[2] To succeed in an ejectment action, a plaintiff must show that the plaintiff is out of possession of the property, and that he has a present right to immediate possession of the property.  **Wells Fargo Bank, N.A. v. Long**, 934 A.2d 76, 79 (Pa.Super. 2007).