J-S16008-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| BAYVIEW LOAN SERVICING, LLC | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| AMY CRAGLE, A/K/A AMY | : | |
| ZURAWSKI, A/K/A AMY KUSH | : | |
| | : | No. 1615 MDA 2017 |
| Appellant | : | |

Appeal from the Judgment Entered October 11, 2017
In the Court of Common Pleas of Luzerne County Civil Division at No(s):
2015-7479

BEFORE:   BOWES, J., MURRAY, J., and PLATT*, J.

MEMORANDUM BY BOWES, J.:                    **FILED SEPTEMBER 11, 2018**

Amy Cragle a/k/a Amy Zurawski a/k/a Amy Kush appeals *pro se* from the judgment entered in favor of Bayview Loan Servicing, LLC ("Bayview") in the amount of $75,532.78.  We affirm.

On July 31, 2008, Appellant executed a mortgage and promissory note in the amount of $84,671.00, and secured by property located at 258 Fredrick Street, Kingston, Luzerne County.  The mortgage was recorded in Luzerne County on August 5, 2008.

Among other provisions, the mortgage required Appellant to pay the note holder $84,671.00, plus interest by monthly installments starting on September 1, 2008, and continuing until the principal and accrued interest was repaid or until the maturity date, at which point the remaining debt would be due in full.

_____

* Retired Senior Judge assigned to the Superior Court.

On June 29, 2015, Bank of America, N.A., Appellee's predecessor in interest, filed a civil complaint against Appellant alleging that she defaulted on the mortgage by failing to make the installment payment on December 2014 and every month thereafter. Bank of America sought an *in rem* judgment in mortgage foreclosure against Appellant in the amount of $65,752.46 plus interest, costs, and attorneys' fees. Acting *pro se*, Appellant filed an answer that was fundamentally nonresponsive to the allegations in the complaint.

Thereafter, on February 15, 2016, the mortgage was assigned to Bayview, who was subsequently substituted as the successor plaintiff in the current civil action. On June 14, 2017, Bayview filed a motion for summary judgment, which argued, *inter alia*, that Appellant's non-responsive Answer was tantamount to an admission of all of the allegations in the complaint. Appellant countered the motion for summary judgment by filing two additional nonresponsive documents that she titled "Discovery" and "Offer of Peace," respectively. On September 28, 2017, the trial court granted summary judgment in favor of Bayview in the amount of $75,532.78 plus interests and costs. The trial court explained the basis for its decision as follows:

> In the instant matter, Appellant has completely failed to identify any genuine issue which remains in dispute, such that summary judgment should be denied and the case allowed to proceed to trial. Indeed, rather than filing a response to [the] [m]otion for [s]ummary judgment, Appellant filed two documents which simply re-iterate the irrelevant arguments included in the answer. . . . Appellant's arguments are incoherent and she failed to attach any supportive materials that demonstrate a material dispute of fact.

- 2 -

> Accordingly, the entry of summary judgment in favor of [Bayview] was proper.

Trail Court Opinion, 12/14/17, at 16-17 (citations to the record omitted).

This timely appeal followed Bayview's praecipe for entry of judgment and assessment of damages. By order entered on the docket on October 23, 2017, the trial court directed Appellant to file a Pa.R.A.P. 1925(b) statement within 21-days, warned that any issues not properly included in the statement shall be deemed waived, and directed the clerk of courts to serve Appellant notice of the order at her 258 Fredrick Street address pursuant to Pa.R.C.P 236, regarding "Notice by Prothonotary of Entry of Order or Judgment." The docket reveals that the clerk of court mailed notice of the order on the following day. Appellant filed a timely Rule 1925(b) statement on November 14, 2017.[1] The ensuing trial court opinion observed that Appellant's arguments were waived, in part, because the assertions leveled in the Rule 1925(b) statement were incoherent or irrelevant to the foreclosure action. **Id**. at 9-10.

The following principles guide our review following the grant or denial of a motion for summary judgment:

---

[1] The trial court miscalculated the computation of time and deemed the Rule 1925(b) statement one day late. However, Pa.R.A.P. 108(b) identifies the date an order is entered on the docket as "the day on which the clerk makes the notation . . . that notice of . . . the order has been given." Consequently, we consider the date of entry of the trial court's Rule 1925 order to be October 24, 2017. Appellant filed the Rule 1925(b) statement twenty-one days later.

- 3 -

[o]ur scope of review of a trial court's order granting or denying summary judgment is plenary, and our standard of review is clear: the trial court's order will be reversed only where it is established that the court committed an error of law or abused its discretion.

Summary judgment is appropriate only when the record shows that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. The reviewing court must review the record in the light most favorable to the nonmoving party and resolve all doubts as to the existence of a genuine issue of material fact against the moving party. Only when the facts are so clear that reasonable minds could not differ can a trial court properly enter summary judgment.

*Bayview Loan Servicing, LLC v. Wicker*, 163 A.3d 1039, 1043-44 (Pa.Super. 2017) (citation omitted); Pa.R.C.P. 1035.2. In this setting, a mortgage holder is entitled to summary judgment if "the mortgagor admits that the mortgage is in default, the mortgagor has failed to pay on the obligation, and the recorded mortgage is in the specified amount." *Bank of America, N.A. v. Gibson*, 102 A.3d 462, 465 (Pa.Super. 2014) (citation omitted).

At the outset, we confront the fact that Appellant's *pro se* brief is defective insofar as it is utterly noncompliant with the rules governing appellate briefs and fails to present a lucid legal argument. Pursuant to Pa.R.A.P. 2101, if an appellant's brief is so substantially defective so as to impede appellate review, "the appeal or other matter may be quashed or dismissed." Furthermore,

[t]his Court is neither obliged, nor even particularly equipped, to develop an argument for a party. To do so places the Court in the conflicting roles of advocate and neutral arbiter. When an

- 4 -

appellant fails to develop his issue in an argument and fails to cite any legal authority, the issue is waived.

***Commonwealth v. B.D.G.***, 959 A.2d 362, 371-72 (Pa.Super. 2008) (citations omitted).

Since Appellant is proceeding *pro se*, we construe her brief liberally. ***See Branch Banking & Tr. v. Gesiorski***, 904 A.2d 939, 942 (Pa.Super. 2006). Nevertheless, Appellant's status as a *pro se* litigant does not entitle her to any special deference. Indeed, "[a]ny layperson choosing to represent [herself] in a legal proceeding must, to some reasonable extent, assume the risk that [her] lack of expertise and legal training will prove [her] undoing." *Id*. This Court will not act as appellate counsel. ***Smathers v. Smathers***, 670 A.2d 1159, 1160 (Pa.Super. 1996).

Instantly, Appellant's brief neglects almost every requirement outlined in Pa.R.A.P. 2111(a) (1)-(12). Moreover, even where Appellant did actually insert a random heading that would suggest partial compliance with an aspect of the rules, she supports that reference with nonresponsive prattle. For example, under the title "Issue on Appeal" Appellant asserts,

> The MAIN issues are---- slaves cant [sic] enter into contracts, they are not valid parties. Full time moms are Currently Oppressed.
>
> And the price is wrong. (much housing market inflation fraud for wood that was always on the deteriorate).
>
> The worth amount is in THE RIVERBED, where the house is, where the Susquehenna [sic] River once was. This a previously flooded h[o]m[e] in the times of turburient [sic] weather. Agent Amy says Previously flooded things are totally losses. Salvage value only . . . Salvage value of my alumirnum [sic] coated house is just

pennies to you but priceless shelter to me. I paid too much to a third party already and I feel and am OWED for my contribution to society of childcare.

USA is an oppressive unlawful regime of rebels that broke off from the King of England. Men wearing women wigs discriminating against real moms for money. **This is an Gender Equality issue, and Equal Opportunity Issue, A KIDS FOR CASH ISSUE, a Full Time Moms need to be treated equal not second class citizen issue. Until moms get money, moms cant** [sic] **give money issue**.

These men freed their slaves and enslaved their wives thats [sic] all they did.

Justice is something I seek your Honor. But not just Just for the bank but justice for MOM too. As Agent Amy I am a friend of the mammon. What will resolve this complaint is a go to go. A fund everybody, tax everybody fund moms & dads who pull that duty And show me proof of your debt. Prove all things[.]

Appellant's brief at 22-23 (capitalization and emphases in original).

Similarly, even to the extent that we could interpret the foregoing statements as challenging either: (1) the threshold issue concerning Appellant's competency to enter a contract; or (2) the value of the property that is encumbered by the mortgage, Appellant failed to develop these assertions or cite any legal authority to support her contentions. Indeed, the section of the brief styled "Legal Argument," proffers only cryptic social commentary that is irrelevant and entirely bereft of any comprehensible legal discussion. *Id*. at 23-27. These defects impede our ability to review Appellant's arguments. *Jones v. Jones*, 878 A.2d 86, 89 (Pa.Super. 2005) ("When a court has to guess what issues an appellant is appealing, that is not enough for meaningful review."). Hence, her claims are waived. ***See***

*Smathers*, *supra* (*pro se* status does not relieve responsibility to properly raise and develop claims).

Moreover, Appellant neglected to set forth an argument that would entitle her to relief, *i.e.*, argue that the trial court erred in concluding that Bayview was entitled to summary judgment as a matter of law in this *in rem* mortgage foreclosure action. Stated plainly, Appellant failed to assert the existence of a genuine issue of material fact concerning whether the mortgage is in default due to her failure to satisfy her obligation to pay the principle and interest in accordance with the terms specified therein.

In sum, Appellant's brief is laden with substantial defects that precluded meaningful judicial review, and she did not present a basis for this Court to disturb the entry of summary judgment. Accordingly, we affirm.

Judgment affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 9/11/2018