J-S63014-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| LSF9 MASTER PARTICIPATION TRUST | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| CHARLES MCGOWAN AND UNITED STATES OF AMERICA | : | No. 107 WDA 2018 |
| | : | |
| APPEAL OF: CHARLES MCGOWAN | : | |

Appeal from the Order Entered December 20, 2017
In the Court of Common Pleas of Allegheny County
Civil Division at No(s):  MG-16-000709

BEFORE:   OTT, J., MURRAY, J., and STEVENS\*, P.J.E.

MEMORANDUM BY OTT, J.:                           **FILED MARCH 15, 2019**

Charles McGowan appeals, *pro se*, from the order entered on December 20, 2017, in the Court of Common Pleas of Allegheny County. The court granted LSF9 Master Participation Trust's ("LSF9") motion for summary judgment against McGowan in a mortgage foreclosure action.[1] On appeal, McGowan argues the trial court erred in granting summary judgment because (1) LSF9 did not properly serve the complaint; (2) LSF9 lacked standing

---

\* Former Justice specially assigned to the Superior Court.

[1] LSF9 named the United States of America as a defendant in this action because of certain tax liens filed against McGowan.  On June 22, 2017, the trial court entered a consent order in favor of LSF9 and against the United States for foreclosure of McGowan's property.  Thus, the United States is not a party to this appeal.

because the action was *res judicata* and because it did not possess McGowan's

promissory note; (3) LSF9 did not prove McGowan defaulted on the mortgage;

(4) LSF9 did not send McGowan the proper notices of intent to foreclose; and

(5) LSF9 did not attach a notice of undisputed facts to its motion for summary

judgment.[2]  Based upon the following, we affirm.

The trial court set out the relevant facts and procedural history as

follows:

> On March 30, 2006, [] Charles McGowan executed a Promissory
> Note in which he promised to repay a mortgage loan extended by
> Accredited Home Lenders, Inc. in the principal amount of
> $171,000.00.  At the same time, [] McGowan executed a
> Mortgage granting Accredited Home Lenders a first priority
> mortgage lien against the Property located at 540 New England
> Road a/k/a 540 Lisa Drive, West Mifflin, PA 15122.  The Mortgage
> was recorded on April 10, 2006.  By assignment of Mortgage dated
> March 30, 2015, the Mortgage was assigned to [LSF9].  LSF9 is
> the holder of the Mortgage. . . .

---

[2] McGowan raises a sixth issue in his statement of the questions involved. **See** McGowan's Brief, at 6.  In it, McGowan alleges that LSF9 violated 15 U.S.C. § 1692g, relating to fair debt collection practices, because it filed the mortgage foreclosure action despite knowing that the statute of limitations had expired and that the action was *res judicata*.  However, McGowan's *res judicata* claim is merely a reiteration of that argued in his second issue on appeal, and he did not include the fair debt collection practice or the statute of limitations claims in his Rule 1925(b) statement.  As amended in 2007, Pennsylvania Rule of Appellate Procedure 1925 provides that issues that are not included in the Rule 1925(b) statement or raised in accordance with Rule 1925(b)(4) are waived.  **See** Pa.R.A.P. 1925(b)(4)(vii); **see also Commonwealth v. Lord**, 719 A.2d 306, 308 (Pa. 1998), *superseded by rule on other grounds as stated in* **Commonwealth v. Burton**, 973 A.2d 428, 431 (Pa. Super. 2009).  Thus, as McGowan's sixth issue is both waived and duplicative, we will not further discuss it.

[] McGowan defaulted under the Mortgage by failing to make payments due from December 1, 2009. On May [13], 2016, LSF9 filed its Complaint in Mortgage Foreclosure.

On November 7, 2016, [] McGowan filed Preliminary Objections. [The trial court] overruled them on December 14, 2016. [] McGowan filed an Answer and New Matter on January 3, 2017. LSF9 replied to the New Matter on February 7, 2017[,] and then [] McGowan filed another Answer and New Matter on February 27, 2017. LSF9 filed a Motion for Summary Judgment on April 4, 2017. . . . [] McGowan filed a response to LSF9's Motion for Summary Judgment on April [2]8, 2017. [The trial c]ourt denied LSF9's Motion for Summary Judgment on June 26, 2017. LSF9 filed a Renewed Motion for Summary Judgment on September 22, 2017. [] McGowan responded to that Renewed Motion for Summary Judgment on October 23, 2017. [The trial c]ourt granted Summary Judgment on December [20], 2017, ordering *in rem* Judgment to be entered in favor of LSF9 and against [] McGowan in the amount of $356,043.45 together with interest from and after September 14, 2017. It was also ordered that LSF9 has the right to foreclose and sell the Property. It is from that decision that [] McGowan appeals.

Trial Court Opinion, 3/22/2018, at 1-2. McGowan filed this timely appeal and submitted a Pa.R.A.P. 1925(b) concise statement of matters complained of on appeal.

On appeal, McGowan raises six issues in support of his contention that the trial court erred in granting LSF9's motion for summary judgment. **See** McGowan's Brief at 5-6. We have disposed of the sixth issue; we summarize his arguments on the remaining issues as follows. The trial court erred in granting summary judgment because LSF9 did not properly serve the complaint. **See id.** At 9-11. The trial court did not have subject matter jurisdiction over the action because LSF9 lacked standing to pursue the case under the doctrine of *res judicata* and because it did not prove it had

- 3 -

possession of McGowan's promissory note. ***See id.*** at 12-23. The trial court should not have granted summary judgment because LSF9 did not show that McGowan defaulted on the mortgage. ***See id.*** at 24-35. The trial court wrongly granted summary judgment because LSF9 did not send notice of intent to foreclose as required by Pennsylvania law. ***See id.*** at 35-37. Lastly, McGowan claims that LSF9 did not attach a statement of undisputed facts to its motion for summary judgment as required by 25 Pa. Code §§ 1021.94a(b)(1)(ii) and (d). ***See id.*** at 37-42.

Our standard of review is well-settled:

[o]ur scope of review of a trial court's order granting or denying summary judgment is plenary, and our standard of review is clear: the trial court's order will be reversed only where it is established that the court committed an error of law or abused its discretion.

Summary judgment is appropriate only when the record clearly shows that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. The reviewing court must view the record in the light most favorable to the nonmoving party and resolve all doubts as to the existence of a genuine issue of material fact against the moving party. Only when the facts are so clear that reasonable minds could not differ can a trial court properly enter summary judgment.

***Bayview Loan Servicing LLC v. Wicker***, 163 A.3d 1039, 1043-44 (Pa. Super. 2017), *appeal granted in part by* 178 A.3d 1289 (Pa. 2018) (citation omitted). Moreover, "[i]n response to a summary judgment motion, the nonmoving party cannot rest upon the pleadings, but rather must set forth specific facts demonstrating a genuine issue of material fact." ***Bank of Am., N.A. v. Gibson***, 102 A.3d 462, 464 (Pa. Super. 2014), *appeal denied*, 112

- 4 -

A.3d 648 (Pa. 2015) (citation omitted). We have also stated, "[t]he holder of a mortgage has the right, upon default, to bring a foreclosure action. The holder of a mortgage is entitled to summary judgment if the mortgagor admits that the mortgage is in default, the mortgagor has failed to pay on the obligation, and the recorded mortgage is in the specified amount." *Id.* at 464-465 (citation omitted). "This is so even if the mortgagors have not admitted the total amount of the indebtedness in their pleadings." *Cunningham v. McWilliams*, 714 A.2d 1054, 1057 (Pa. Super. 1998), *appeal denied*, 734 A.2d 861 (Pa. 1999).

Here, the trial court in its Rule 1925(a) opinion provided a thorough and well-reasoned discussion of McGowan's first four arguments on appeal.[3] *See* Trial Court Opinion, 3/22/2018, at 2-5 (finding (1) McGowan failed to provide a material defense to this action; (2) the Sheriff personally served McGowan with the complaint and there was no evidence of fraud; (3) LSF9 demonstrated that it possessed the original note and was entitled to enforce it; (4) LSF9

_____

[3] In his fifth argument on appeal, McGowan complains that the trial court erred in granting summary judgment because LSF9 failed to comply with 25 Pa. Code §§ 1021.94(b)(1)(ii) and (d). However, this section of the Pennsylvania Code only applies to proceedings before the Pennsylvania Environmental Hearing Board and is thus inapplicable to this action. *See* 25 Pa. Code 1021.1(a). To the extent that McGowan also maintains that LSF9 failed to properly verify its motion for summary judgment, *see* McGowan's brief at 39-42, he has waived this issue because he did not raise it in his Rule 1925(b) statement. *See Lord*, *supra* at 308.

proved that McGowan was in default of the mortgage; (5) LSF9 did provide McGowan with notice of its intent to foreclose as required by law;[4] and (6) the doctrine of *res judicata* does not bar this complaint because the trial court had previously vacated the judgment in an earlier mortgage foreclosure action).

Our review of the record reveals ample support for the trial court's conclusions. Accordingly, we adopt the reasoning of the trial court and affirm its order in favor of LSF9.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 3/15/2019

---

[4] We briefly note that, subsequent to the trial court's writing of its opinion, the Pennsylvania Supreme Court issued its decision in **JPMC Bank, N.A. v. Taggart**, ____ A.3d ____, 2019 WL 692810 (Pa. Feb. 20, 2019). In **Taggart**, our Supreme Court held that where there were two mortgage foreclosure proceedings, the lender could not rely on a stale Act 6 notice issued in the older proceeding but must send a new notice prior to initiating the second action. **Id.** at *9. Here, our review of the record demonstrates that LSF9 sent out a new Act 6 notice in the fall of 2015, prior to filing the instant action in the spring of 2016. Thus, this matter does not conflict with the holding in **Taggart**.

# IN THE COURT OF COMMON PLEAS OF ALLEGHENY COUNTY, PENNSYLVANIA
## CIVIL DIVISION

CHARLES MCGOWAN,

        Appellant,

        v.

LSF9 MASTER PARTICIPATION TRUST,

        Appellee.

No. MG 16-000709

OPINION

Honorable Joseph M. James

Copies Sent To:

Charles E. McGowan, Pro Se
Sarah K. McCaffery, Esquire

FILED
18 MAR 22 AM 10: 20
DEPT OF COURT RECORDS
CIVIL DIVISION PA

# IN THE COURT OF COMMON PLEAS OF ALLEGHENY COUNTY, PENNSYLVANIA
## CIVIL DIVISION

CHARLES MCGOWAN,

    Appellant,

    v.

LSF9 MASTER PARTICIPATION TRUST,

    Appellee.

No. MG 16-000709

## OPINION

James, J.                                                    March 22, 2018

On March 30, 2006, Appellant Charles McGowan executed a Promissory Note in which he promised to repay a mortgage loan extended by Accredited Home Lenders, Inc. in the principal amount of $171,000.00. At the same time, Mr. McGowan executed a Mortgage granting Accredited Home Lenders a first priority mortgage lien against the Property located at 540 New England Road a/k/a 540 Lisa Drive, West Mifflin, PA 15122. The Mortgage was recorded on April 10, 2006. By assignment of Mortgage dated March 30, 2015, the Mortgage was assigned to Appellee LSF9 Master Participation Trust (LSF9). LSF9 is the holder of the Mortgage. The United States of America was named a Defendant in this case because one or more federal tax liens were filed against Mr. McGowan.

Mr. McGowan defaulted under the Mortgage by failing to make payments due from December 1, 2009. On May 9, 2016, LSF9 filed its Complaint in Mortgage Foreclosure.

On November 7, 2016, Mr. McGowan filed Preliminary Objections. Judge Timothy Patrick O'Reilly overruled them on December 14, 2016. Mr. McGowan filed an Answer and New Matter on January 3, 2017. LSF9 replied to the New Matter on February 7, 2017 and then Mr. McGowan filed another Answer and New Matter on February 27, 2017. LSF9 filed a Motion for Summary Judgment on April 4, 2017. On June 22, 2017, Judge W. Terrence O'Brien entered a Consent Order entering judgment in favor of LSF9 and against Defendant United States of America for foreclosure of Mr. McGowan's property. Mr. McGowan filed a response to LSF9's Motion for Summary Judgment on April 8, 2017. This Court denied LSF9's Motion for Summary Judgment on June 26, 2017. LSF9 filed a Renewed Motion for Summary Judgment on September 22, 2017. Mr. McGowan responded to that Renewed Motion for Summary Judgment on October 23, 2017. This Court granted Summary Judgment on December 19, 2017, ordering in rem Judgment to be entered in favor of LSF9 and against Mr. McGowan in the amount of $356,043.45 together with interest from and after September 14, 2017. It was also ordered that LSF9 has the right to foreclose and sell the Property. It is from that decision that Mr. McGowan appeals.

LSF9 alleges that it is entitled to Summary Judgment because there is no genuine issue as to material fact in this case. LSF9 claims that Mr. McGowan defaulted on the mortgage. Mr. McGowan filed an Answer but did not provide a material defense to the mortgage foreclosure action. He did not contest the essential elements of LSF9's Complaint.

Mr. McGowan admitted the existence of the Mortgage and the execution of the Note knowing that he would be responsible for the payments. Summary judgment is

2

appropriate when there are no genuine issues of material fact as to any necessary element of the cause of action. Pa. R.C.P. 1035.2. A Motion for Summary Judgment may be granted if the pleadings, depositions, answers to interrogatories and admissions on file, show that there is no genuine issue as to any material fact, and that the moving party is entitled to judgment as a matter of law. Myszkowski v. Penn Stroud Hotel, Inc., 634 A.2d 622, 625 (Pa. Super. 1993). In ruling on a motion for summary judgment, the facts must be viewed in light most favorable to the non-moving party. Ertel v. Patriot News, Co., 674 A.2d 1038, 1041 (Pa. 1996). Pa.R.C.P. 1035.2(2) requires the party who opposes the motion to provide the Court with "...evidence of facts essential to the ... defense which, in a jury trial, would require the issues to be submitted to a jury."

Pa. R.C.P. 1035.3 states:

> (a) the adverse party may not rest upon the mere allegations or denials of the pleadings but must file a response within thirty days after service of the motion identifying
>
> (1) one or more issues of fact arising from evidence in the record controverting the evidence cited in support of the motion or from a challenge to the credibility of one or more witnesses testifying in support of the motion, or
>
> (2) evidence in the record establishing the facts essential to the cause of action or defense which the motion cites as not having been produced.

Mr. McGowan makes several assertions in his Statement of Errors Complained of on Appeal. He claims that the Court lacked personal jurisdiction over him because he was not served with the Complaint and the Sherriff's Return is fraudulent. LSF9 attached the Sherriff's Return to the Complaint showing that Mr. McGowan was personally served on May 19, 2016 and this Court found no evidence of fraud. He also claims that LSF9 does

3

not have standing. LSF9 has established that it holds the original Note and is entitled to enforce it against Mr. McGowan. A copy of the Note, endorsed in blank is attached to the pleadings. Pennsylvania has adopted a version of the Uniform Commercial Code ("the UCC") which pertains to negotiable instruments and promissory notes. Section 3301 states that, "a person entitled to enforce" an instrument is "the holder of the instrument". A "holder" is "the person in possession of the instrument is payable to the bearer or, in the case of an instrument payable to an identified person, if the identified person is in possession." Mr. McGowan's Note meets all of the requirements of a negotiable instrument under 13 Pa. C.S.A. Section 3104. "A promissory note accompanied by a mortgage is a negotiable instrument." See JP Morgan Chase Bank, N.A. v. Murray, 63 A.3d 1258, 1264 (Pa. Super. 2013). Enforcement is proper even if questions remain as to the chain of possession. Id. at 1266. Mr. McGowan has not demonstrated any potential injury as a result of LSF9 enforcing the Note. "Challenges to the chain of possession by which Appellee came to hold the Note [are] immaterial to its enforceability by Appellee." Id. LSF9 is a holder in possession of the original bearer instrument executed by Mr. McGowan and therefore is entitled to enforce it. It is well-established that a "person entitled to enforce" a note is not synonymous with the owner or investor of the note. Furthermore, a change in the owner or investor on a note does not necessarily bring about a change in the identity of a person entitled to enforce the note. See Official Comment 1 to UCC Section 13 Pa. C.S. Section 3203. Mr. McGowan also alleges that LSF9 offered no evidence of default. However, LSF9's Affidavit and the payment history of Mr. McGowan's mortgage loan account both indicate that his mortgage loan is due for December 1, 2009. Mr. McGowan also claims that LSF9 did not provide him with Notices

4

of Intention to Foreclose and notices pursuant to the Homeowner's Emergency Mortgage Assistance Act. However, the evidence shows that LSF9 sent those notices to Mr. McGowan via regular mail postage prepaid and certified mail return receipt requested. He also claims that because this Court entered judgment against him in a prior case with identical issues docketed at GD 12-022001, that the Complaint is barred by Res Judicata and Collateral Estoppel. In that case, judgment was entered against him but the case was settled and discontinued and JMPC Specialty Mortgage filed a Praecipe to Vacate the Judgment on September 8, 2014. Therefore, the Note and Mortgage still exist and Res Judicata and Collateral Estoppel do not apply.

Based upon the foregoing, the Court has determined that no genuine issues of material fact exist between the parties. LSF9 has produced evidence that Mr. McGowan is in default and the amounts due and owing are a result of said default. Summary judgment is appropriate.

5