J-S26038-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| BMO HARRIS BANK, N.A., S/B/M M & L BANK FSB | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| FRANCES I. FISHER | : | |
| Appellant | : | No. 1835 WDA 2019 |

Appeal from the Order Entered November 12, 2019
In the Court of Common Pleas of Allegheny County Civil Division at
No(s): MG-18-001276

BEFORE: MURRAY, J., McLAUGHLIN, J., and PELLEGRINI, J.[*]

MEMORANDUM BY PELLEGRINI, J.:                    **FILED JUNE 25, 2020**

Frances I. Fisher (Fisher) appeals from the order entered in the Court of Common Pleas of Allegheny County (trial court) granting summary judgment in favor of BMO Harris Bank, N.A., s/b/m M & I Bank FSB (M & I Bank) in its mortgage foreclosure action. We affirm.

In May 2006, Fisher and her husband, John F. Fisher (collectively, the Fishers), jointly executed and delivered an open-ended mortgage to Mortgage Electronic Registration Systems, Inc. on property located at 110 North Star Road, Imperial, Allegheny County, Pennsylvania. Fisher's husband, however, solely executed the promissory note. Mortgage Electronic Registration

---

[*] Retired Senior Judge assigned to the Superior Court.

Systems, Inc. eventually assigned the mortgage to M & I Bank, who recorded the assignment in September 2018.

On October 11, 2018, M & I Bank filed a complaint in mortgage foreclosure against the Fishers, alleging that they were in default of the promissory note and mortgage, and that pre-foreclosure notice had been sent pursuant to Act 91.[1]  Fisher individually filed preliminary objections, essentially arguing that M & I could not foreclose on the property because she did not sign the promissory note.  M & I Bank filed an amended complaint on January 8, 2019, again averring that the Fishers were in default and had failed to make any payments upon demand of payment.  Fisher filed preliminary objections reasserting that she did not sign the promissory note.  M & I bank responded that its complaint in mortgage foreclosure complied with Pa.R.C.P. 1147.  After the trial court denied the preliminary objections, Fisher filed for reconsideration, clarifying her position that when only one spouse signs a promissory note, it does not bind the non-borrowing spouse in a jointly held open-ended mortgage.  The trial court disagreed and denied the motion, following which Fisher filed an answer and new matter.

On July 30, 2019, M & I Bank filed a motion for summary judgment.  In its motion, M & I Bank averred that Fisher did not dispute that she co-signed the mortgage and that there was a debt owed.  On November 12, 2019, the

_____

[1] 35 P.S. §§ 1680.401.c-1680.412c.

trial court granted summary judgment and entered judgment *in rem* in favor

of M & I Bank and against Fisher in the amount of $81,767.49 plus interest.

After the denial of reconsideration, Fisher filed a timely notice of appeal.

In her court-ordered Rule Pa.R.A.P. 1925(b) statement, Fisher claimed that

summary judgment was improper because she did not sign the promissory

note. In its Pa.R.A.P. 1925(a) opinion, the trial court answered Fisher's

argument as follows:

> [Fisher] did not sign the note and therefore she cannot be personally responsible for the repayment of the debt under the note. [M & I Bank] cannot and is not suing her for a personal judgment on the note. However, as a signer of the mortgage, [Fisher] is bound by its terms. She, along with her husband, is a mortgagor and no genuine issues of material fact exist between the parties. Therefore, Summary Judgment for [M & I Bank] is proper.

Trial Court Opinion, 2/5/20, at 5 (unpaginated).[2]

---

[2] Our standard of review of an appeal from an order granting summary judgment is well settled:

> [This court's] scope of review of a trial court's order granting or denying summary judgment is plenary, and our standard of review is clear: the trial court's order will be reversed only where it is established that the court committed an error of law or abused its discretion.

> Summary judgment is appropriate only when the record clearly shows that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. The reviewing court must view the record in the light most favorable to the nonmoving party and resolve all doubts as to the existence of a genuine issue of material fact against the moving party. Only

On appeal, Fisher reasserts that M & I Bank cannot foreclose on the property because only her husband signed the promissory note. She contends that the subject property was held as a tenancy by the entireties and is not subject to process, petition, levy, execution or sale to discharge the indebtedness of one of the spouses. Fisher admits that a creditor may execute on entireties property if both spouses are joint debtors. However, because she is not personally liable for the note that she did not sign, M & I Bank cannot foreclose on the property as a means of discharging the debt on the note. We disagree.

While Fisher did not sign the promissory note, she did sign the mortgage. "[A] mortgage is only the security instrument that ensures repayment of the indebtedness under a note to real property." ***Bayview Loan Servicing LLC v. Wicker***, 163 A.3d 1039, 1045 (Pa. Super. 2017) (quotation omitted). Under its own terms, the mortgage, which both Fisher and her husband signed, secured the balance outstanding on the promissory note. As a result, M & I Bank's remedy as the mortgagee was to seek foreclosure of the property when the Fishers defaulted on their payments. That Fisher did

---

when the facts are so clear that reasonable minds could not differ can a trial court properly enter summary judgment.

***CitiMortgage, Inc. v. Barbezat***, 131 A.3d 65, 67 (Pa. Super. 2016) (citations omitted). Additionally, "[s]ummary judgment in mortgage foreclosure actions is subject to the same rules as any other civil action." ***Id***.; Pa.R.C.P. 1141(b).

not sign the promissory note did not render the property immune from foreclosure, since the mortgage which she co-signed explicitly stated that it was security for repayment of the note. None of the cases that Fisher cites stand for the proposition that a mortgage to secure the payment of a promissory note is immune from foreclosure simply because a signatory to the mortgage did not also execute the note.[3]

Fisher's argument, as the trial court recognized, elides the distinction between an *in rem* mortgage foreclosure action and an *in personam* action on the note. This Court has explained:

> [A]n action on a promissory note and an action in foreclosure are two different actions.... In a promissory note action, an *in personam* judgment is sought. In a mortgage foreclosure action, however, the action is strictly an *in rem* proceeding. Pa.R.C.P. 1141 provides:
>
> (a) As used in this chapter [regarding mortgage foreclosure,] 'action' means an action at law to foreclose a mortgage upon an estate, leasehold or interest in land but shall not include an action to enforce a personal liability.
>
> [ ] *See also* [**N.Y. Guardian Mortgage Corp. v. Dietzel**, 524 A.2d 951, 953 (Pa.Super.1987) ] (holding that "[a]n action in mortgage foreclosure is strictly an *in rem* proceeding, and the purpose of a judgment in mortgage foreclosure is solely to effect a judicial sale of the mortgaged property.").

_____

[3] Among these cases, Fisher cites **ISN Bank v. Rajaratnam**, 83 A.3d 170 (Pa. Super. 2013). However, that case involved the question of "whether separate judgments entered against a husband and wife may be consolidated so that assets held as tenants by the entireties may be executed upon to satisfy a joint indebtedness." *Id*. at 171. **ISN Bank** did not, as this case does, involve a mortgage foreclosure.

*First Wisconsin Trust Co. v. Strausser*, 653 A.2d 688, 693 n.4 (Pa. Super.

1995).

Having found that Fisher's lack of signing the promissory note did not

prevent mortgage foreclosure, we then turn to whether there was any genuine

issue of material fact to prevent summary judgment. In a mortgage

foreclosure complaint, the mortgagee must set forth the following:

> (1) the parties to and the date of the mortgage, and of any assignments, and a statement of the place of record of the mortgage and assignments;
>
> (2) a description of the land subject to the mortgage;
>
> (3) the names, addresses and interest of the defendants in the action and that the present real owner is unknown if the real owner is not made a party;
>
> (4) a specific averment of default;
>
> (5) an itemized statement of the amount due; and
>
> (6) a demand for judgment for the amount due.

Pa.R.C.P. 1147(a).

> The holder of a mortgage has the right, upon default, to initiate a foreclosure action. Additionally, the mortgage holder is entitled to summary judgment if the mortgagor admits that the mortgage is in default, the mortgagor has failed to pay on the obligation, and the recorded mortgage is in the specified amount.

*Gerber v. Piergrossi*, 142 A.3d 854, 859 (Pa. Super. 2016) (citation and

quotation marks omitted).

Here, M & I Bank complied with Rule 1147 and included all of the

required averments, including "a specific averment of default." Fisher has

never denied that there was a default on the payments, and concedes in her brief that her husband "stopped paying the mortgage." Fisher's Brief at 6. Though Fisher did not sign the promissory note, she did sign the mortgage and was properly included as a defendant to the mortgage foreclosure. Pa.R.C.P. 1144. Because there were no material issues of fact, the trial court correctly granted summary judgment.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 6/25/2020